**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGELO FRAZETTA,<br><br>                    Plaintiff,<br><br>     v.<br><br>TNPC, LLC, *et al.*,<br><br>                    Defendants. | Civil Action No. 23-21697 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Berlin Packaging, LLC's updated diversity disclosure statement (ECF No. 50-1) and the Court's independent obligation to assess its subject-matter jurisdiction. (ECF No. 1.) *United States v. Port Imperial Ferry Corp.*, Civ. No. 16-2388, 2023 WL 2535302, at *4 (D.N.J. Mar. 16, 2023) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)). For the reasons set forth below, and other good cause shown, the Court finds that it lacks subject-matter jurisdiction, and the case shall be **REMANDED** to the Superior Court of New Jersey, Middlesex County.

This matter arises out of Plaintiff's alleged personal injuries sustained while handling shipments of embalming fluid. (ECF No. 1-1 at 5.) On August 15, 2023, Plaintiff filed his Complaint in the Superior Court of New Jersey, Middlesex County, bringing negligence and products liability claims against Plaintiff's employer and several embalming fluid manufacturers and distributors. (*Id.* at 3-4.) On October 31, 2023, TNPC removed the matter to this Court on diversity jurisdiction.

On June 19, 2024, Plaintiff filed an Amended Complaint and added additional Defendants, including Berlin Packaging, LLC. (ECF No. 11 ¶ 2.) On September 3, 2024, pursuant to Federal Rule of Civil Procedure (Rule) 7.1(a)(2), Berlin Packaging filed a diversity disclosure statement advising that several of its members are citizens of Delaware and that it was "still attempting to determine the citizenship" of several of its members, and would "supplement this statement upon learning such information." (ECF No. 23 at 1.) On November 1, after it appeared that each party had made a first appearance, pleading, petition, or request to the Court, the Court directed the parties to file complete diversity disclosure statements on or before November 15. (ECF No. 44 (citing Rule 7.1(a)(2)).)

On November 13, Berlin Packaging filed a supplemental diversity disclosure statement (ECF No. 50-1) and advised that "Berlin Packaging discovered that several individuals whose citizenship is attributed to Berlin Packaging are citizens of New Jersey," (ECF No. 50 at 5). "Specifically, Berlin Packaging is wholly owned by Berlin Packaging Holdings, LLC, which in turn is wholly owned by Maple Hill Acquisition, LLC. One of the members of Maple Hill Acquisition, LLC is MH Management Holdco, LLC, some of whose members are citizens of New Jersey." (*Id.*) *See also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (noting that for diversity jurisdiction purposes, the citizenship of a limited liability company (LLC) is determined by the citizenship of its members, and if the members themselves are LLCs, citizenship "must be traced through however many layers of partners or members there may be"). Plaintiff is a resident of New Jersey. (ECF No. 11.) Berlin Packaging's position is that its "presence in the lawsuit destroys complete diversity and removes the sole basis for federal subject matter jurisdiction." (*Id.*) On November 14, the Court ordered the parties to show cause on or before November 27, 2024 as to why this case should not be remanded for lack of subject-matter jurisdiction. (ECF No. 52.) As of the date of this Memorandum Order, no party has responded.

A defendant may remove a civil action filed in state court to federal court if the latter would have had original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(b); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Once the case has been removed, the court may remand it to state court if subject-matter jurisdiction is lacking. *Sussman v. Capital One, N.A.*, Civ. No. 14-01945, 2014 WL 5437079, at *2 (D.N.J. Oct. 24, 2014) (citing 28 U.S.C. § 1447(c)). To maintain subject-matter jurisdiction over a lawsuit, the Court must either have diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. A federal district court has diversity jurisdiction over all civil actions where all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000. *See* § 1332(a). Pursuant to 28 U.S.C. § 1447(c), if, upon motion or *sua sponte*, a district court finds that it lacks subject-matter jurisdiction over a removed action, it must remand the action to state court. *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009).

The instant matter was removed on the basis of diversity jurisdiction, and neither the original Complaint nor Amended Complaint asserts a claim under federal law. (*See* ECF Nos. 1, 11.) The joinder of non-diverse parties may destroy diversity jurisdiction even if diversity existed at the time of removal. *See* 28 U.S.C. § 1447(e); *McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 231 n.5, 235-36 (D.N.J. 2020). To determine whether remand is appropriate, the governing legal standard depends on whether the plaintiff added the non-diverse parties when amending as a matter of course under Rule 15(a)(1). If the plaintiff amended as a matter of course, "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined," *i.e.*, that "there is no reasonable basis in fact or colorable ground supporting the claim against" the non-diverse defendant. *McDermott*, 503 F. Supp. 3d at 229-30 (quoting *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006)). If the plaintiff seeks to join non-diverse defendants other than by amending as a matter of course, "the court may deny joinder, or permit joinder and remand the

3

action to the State court" under 28 U.S.C. § 1447(e). *See also O'Keefe v. Hess Corp.*, Civ. No. 10-2598, 2010 WL 3522088, at *8 n.9 (D.N.J. Sep. 1, 2010) ("Following removal, requests to amend pleadings that result in the destruction of federal jurisdiction normally require consideration of numerous equitable factors (referred to as the *Hensgens* factors)," but "when the amendment of a pleading is made as of right," the court does not "consider the merits of the amendment.") (citations omitted), *report and recommendation adopted*, 2010 WL 4102848 (D.N.J. Oct. 15, 2010).

Here, Plaintiff filed the Amended Complaint after his time to amend as a matter of course had expired. (*See* ECF No. 11.) Accordingly, the Court must analyze Plaintiff's amendment adding a non-diverse Defendant under § 1447(e). In doing so, the Court must apply the factors set forth by the United States Court of Appeals for the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989): "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *McDermott*, 503 F. Supp. 3d at 230 (citations and internal quotations omitted); *Confessore v. AGCO Corp.*, Civ. No. 14-7262, 2015 WL 4430472, at *4-5 (D.N.J. Jul. 20, 2015) (analyzing a plaintiff's motion to amend her complaint to add a non-diverse party under § 1447(e) and the *Hensgens* factors).

The *Hensgens* factors weigh in favor of remanding this matter. First, nothing before the Court suggests that any jurisdictional concerns motivated Plaintiff's amendment. Second, Plaintiff was not dilatory in seeking an amendment. Plaintiff amended the pleadings only after the parties conferred with the Court to determine the identities of the proper parties. (*See* ECF Nos. 9-10.) Third, dismissing Berlin Packaging would likely injure not only Plaintiff, but also the remaining Defendants asserting crossclaims for indemnification and contribution. (*See* ECF Nos. 27-28, 30, 43.) Finally, the Court is not aware of—nor has any party advanced—any other equitable factors

4

that weigh against remand. Because diversity jurisdiction is lacking and neither the Court nor any other party has identified another basis to establish that subject-matter jurisdiction, the Court will remand the matter to state court. *See* § 1447(e).

For the reasons set forth above, and other good cause shown,

**IT IS**, on this 3rd day of December, 2024, **ORDERED** as follows:

1. The matter shall be **REMANDED** to the Superior Court of New Jersey, Middlesex County. The Clerk is directed to transmit to the Clerk of the Superior Court a letter enclosing a certified copy of this Memorandum Order.

2. Berlin Packaging's motion seeking permission to cease further investigation of its citizenship (ECF No. 50) is **DENIED** as moot. The Clerk is directed to **TERMINATE** the motion pending at ECF No. 50 and **CLOSE** this case.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**